**Linda JENNES and Andrew Pulley, Plaintiffs,**

**v.**

**Wilber J. MILLER, Acting Supervisor of Elections of Dade County, and Richard Stone, Secretary of State, State of Florida, Defendants.**

**No. 72-735-Civ-NCR.**

United States District Court, S. D. Florida, Miami Division.

Aug. 7, 1972.

Tobias Simon, P. A., DuFresne & Fox, Miami, Fla., for plaintiffs.

Robert L. Shevin, Atty. Gen. of the State of Florida, Tallahassee, Fla., for defendants.

### DECLARATORY JUDGMENT AND INJUNCTION

Before DYER, Circuit Judge, and KING and ROETTGER, District Judges.

PER CURIAM.

Plaintiffs are the candidates of the Socialist Worker's Party for the offices of President and Vice President of the United States. They challenge the constitutionality, under the equal protection clause of the Fourteenth Amendment, of § 103.021(3) of Florida Statutes, F.S.A., insofar as that section requires that candidates of minor parties for the office

of President and Vice President of the United States must pay a certification fee of ten cents per name to the Supervisors of Registration of the counties in which their petitions are presented for certification. This certification fee is to cover the cost of certifying the number of registered electors contained on the petition.

Florida Statutes § 103.021 F.S.A., defines a minor political party as one which has not elected a President of the United States since 1900; it provides that minor party candidates may have their names printed on the general election ballots if a petition is signed by one per cent of the registered electors of Florida, computed on the basis of the last preceding general election. The petitions are presented to the Supervisors of Registration of the various counties from which signatures are solicited. The Supervisors check the names and certify the number of names shown as registered electors of said county and forward the petition with this certificate to the Department of State which determines whether or not the percentage factor has been met.

Plaintiffs do not challenge the reasonableness of the certification fee nor do they challenge the method provided to candidates of minor political parties for getting their names on the ballot. Rather, plaintiffs' challenge is based solely on their allegations and supporting affidavits that they are financially unable to pay a certification fee and that the cost of such fees denies them equal protection of the law secured by the Fourteenth Amendment of the Constitution of the United States.

Plaintiffs allege and support their motion for summary judgment with affidavits reflecting their inability to pay and the fact that they have obtained a petition containing more than 50,000 signatures which would require the expenditure of more than $5,000 in certification fees. The defendants have presented no contradiction of this showing.

Defendants assert that the State has an important interest in requiring some showing of support for a candidate in order to preclude the ballot from being cluttered with the names of frivolous candidates. Jennes v. Fortson, 403 U.S. 431, 442, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971). However, plaintiffs' affidavit shows compliance with the requirement of § 103.021 that they obtain one per cent of the registered electors as signatories on their petition. The issue before this court is whether the requirement of § 103.021 of a certification fee of ten cents per name bears "close scrutiny" in the State's effort to accomplish legitimate State objectives. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L. Ed.2d 92 (1972). We find that in this case where the plaintiffs have asserted they have the requisite number of signatures on their petition, but are unable to qualify solely because they are unable to pay the certification fees required by the Statute that the Statute's requirement of the certification fee fails to pass constitutional muster. Bullock v. Carter, 405 U.S. 134, 92 S.Ct. 849, 31 L. Ed.2d 92 (1972); also see decision of a Three-Judge Court in Fair v. Taylor and related cases, Middle District of Florida, decision dated July 11, 1972.

Declaratory Judgment is entered in favor of plaintiffs on this narrow ground and defendant Wilber J. Miller, as Supervisor of Registration for Dade County, is enjoined from denying plaintiffs the right to have the names of registered electors certified on the petitions of plaintiffs because of the failure of plaintiffs to remit the prescribed certification fee; and defendant Richard Stone, Secretary of State, State of Florida, is enjoined to instruct the Supervisors of Registration of the various counties where plaintiffs file a petition to check the names and certify the number of registered electors in accordance with this opinion.